F. E. SHOBER et als. v. W. H. WHEELER et als.

*Judgment—Effect.*

In an action to set aside certain deeds as fraudulent and to foreclose a mortgage, a commissioner was directed to sell all of the defendant's real estate mentioned in the complaint except that part allotted to defendant as a homestead (which excepted part was included in the mortgage foreclosed) ; the commissioner sold one of the tracts, but his report was not confirmed. Subsequently, the court ordered the commissioner to sell the rest of the part allotted as a homestead, in case the other property did not sell for enough to discharge the liens ; *Held*, that the effect of the first judgment was not a final adjudication, vesting title to the homestead in the defendant, so as to render inoperative and void the subsequent order.

CIVIL ACTION, heard before *Hoke, J.*, at August Term, 1896, of FORSYTH Superior Court, upon the report of a Commissioner, who had been directed to sell the lands described in the complaint.

The defendant appealed from the order confirming the sale of the lands embraced in the mortgages, a part of which had been allotted to him as a homestead, and which, in the original order of sale, the Commissioner had been directed not to sell, but by a subsequent order he was directed to sell in case a resort to it should be necessary to discharge the liens.

*Messrs. Watson & Buxton*, for plaintiffs.

*Messrs. Jones & Patterson, J. S. Grogan, A. H. Eller* and *A. E Holton*, for defendants (appellants).

MONTGOMERY, J. : In the judgment of December Term, 1893, Judge Winston appointed W. B. Stafford receiver "of all the land and real estate described in the complaint in this action." That part of the real estate of defendant (appellant), which was allotted to him as a homestead, after.

120—45

the execution of the mortgage set out in the complaint,
was included in the tract called in the complaint the "Home
Place." Stafford was also made a Commissioner and was
instructed to sell the land mentioned in the complaint ex-
cept the part which had been allotted to the defendant as
his homestead, and also to report to the court the particu-
lars of the judgment and mortgage indebtedness of the de-
fendant. The Commissioner exposed one of the tracts of
land to public sale and reported the same to the court,
but the report was not confirmed. Afterwards Judge
Bryan, by another order in the cause, instructed the Com-
missioner to make sale of the property and report to the
next term of the court. In this order he directed the Com-
missioner to sell also the homestead if, after having sold the
other real estate, the amount of the sales from that source
should appear insufficient to pay the mortgage liens. An
exception was noted to the order of Judge Bryan and the
same is brought up on appeal.

In the argument here the contention of the defendant
was that the judgment of Judge Winston was one of con-
sent, final in its character and in some way or other passed
the title and right of possession of the homestead to the
defendant, and that Judge Bryan's decree, ordering the
homestead to be sold under the contingency therein named,
was void.

We fail to see that the judgment of Judge Winston, at
December Term, 1893, was by consent in the sense that
the homestead of the defendant was to be exempted from
the mortgage debt of the defendant. There is no such ad-
judication in the order. Judge Winston and the counsel
no doubt thought that the real estate conveyed in the mort-
gages, other than that part which had been allotted to the
defendant as a homestead, would be sufficient to pay the
.mortgage debts and therefore the sale of the homestead

would not be necessary. But, when later on it appeared that it would be necessary to sell all of the real estate, including the homestead, to pay the mortgage debts, Judge Bryan made the decree ordering the sale of the homestead under the contingency named. The exception to that order and judgment cannot be sustained. The exception to the judgment of Judge Hoke, made at the August Term, 1896, was abandoned here.

No Error.